IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESMERALDA NELSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0058 |
| | § | |
| HILLARY RODHAM CLINTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Esmeralda Nelson has filed a petition for a writ of habeas corpus under 28 U.S.C.

§ 2241, among other things, seeking relief from an adverse decision on her application for

a United States passport.  Secretary of State Hillary Rodham Clinton and the other

respondents have filed a joint motion for partial dismissal, arguing that the Court lacks

jurisdiction to consider certain causes of action asserted in the petition and that others fail to

state a claim upon which relief can be granted  [Doc. # 10].[1]  Nelson has filed a response.

[Doc. # 14].  After reviewing all of the pleadings, and the applicable law, the Court grants

the respondents' motion for reasons set forth below.

---

[1]     The respondents in this case are the United States of America, Secretary of State Hillary
Rodham Clinton, Under Secretary for Management Patrick F. Kennedy, Managing Director
of the Passport Services Directorate Florence Fultz, and Janice L. Jacobs, as Assistant
Secretary of State for the Bureau of Consular Affairs.  All of the respondents are named "in
their official capacity only."  [Doc. # 1, *Petition*, ¶ 10].

## I.   **BACKGROUND**

Nelson claims that she is a United States citizen by virtue of her birth in the City of Hidalgo, which is located in Hidalgo County, Texas, on May 4, 1969. Nelson was reportedly born "in a private home and through the services of a midwife." Nelson was educated from elementary school through high school in Pharr, Texas, which is also located in Hidalgo County, where she graduated on May 31, 1987. Prior to that time, she was baptized at the Church of Saint Margaret's in Hidalgo on June 29, 1986. Nelson's birth was not formally registered in the State of Texas, however, until March 30, 2007.

On November 28, 2007, Nelson applied for a United States passport. On December 10, 2007, she received a letter from passport officials in Houston, Texas, requesting additional information to substantiate her claim of United States citizenship. When Nelson failed to respond, the passport agency sent a letter on January 26, 2008, explaining that no further action would be taken on her application. [Doc. # 2, Exhibit 6]. In a letter dated August 14, 2009, officials again requested additional documentation in support of her passport application. [Doc. # 2, Exhibit 5]. That letter advised Nelson that her failure to submit the requisite information within 90 days would lead to denial of her passport application. [*Id.*]. Thereafter, Nelson's passport application was denied.

On January 6, 2010, Nelson filed a "Petition for Writ of Habeas Corpus and Complaint for Declaratory Judgment and Writ of Mandamus" to challenge the adverse agency decision regarding her passport application. In this petition, Nelson complains that the respondents have wrongfully restrained her right to travel freely. Alleging that she has

been denied a passport in violation of her right to due process and equal protection, Nelson seeks relief under the general federal habeas corpus statute, 28 U.S.C. § 2241, and the "Little Tucker Act," codified at 28 U.S.C. § 1346, which authorizes a suit against the United States. Nelson also seeks a declaratory judgment under 28 U.S.C. § 2201, regarding her status as a citizen of the United States within the meaning of 8 U.S.C. § 1503.  In addition, Nelson invokes the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and the federal mandamus statute, 28 U.S.C. § 1361, in an effort to compel the respondents to adjudicate her passport application "*de novo* without requiring further non-existent documentation" and to issue a passport in her name.

The respondents acknowledge that this Court can properly consider Nelson's request for a declaration of citizenship under 8 U.S.C. § 1503 and do not move to dismiss that claim. The respondents have filed a motion to dismiss the petition, in part, for lack of jurisdiction and for failure to state a claim.  The parties' contentions are addressed below under the applicable standard of review, beginning with the respondents' motion to dismiss for lack of subject matter jurisdiction.

## II.    SUBJECT MATTER JURISDICTION

### A.    Standard of Review — Rule 12(b)(1)

The respondents have filed a motion to dismiss several of Nelson's claims for lack of subject matter jurisdiction.  This motion is governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Federal courts are "courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" *Halmekangas v.*

*State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted).  As such, the existence of subject matter jurisdiction may be challenged at any stage in the litigation and may be raised by the district court on its own motion.  *See Nguyen v. Dist. Director, Bureau of Immigration and Customs Enforcement*, 400 F.3d 255, 260 (5th Cir. 2005) (citations omitted); *see also B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. Unit A 1981) (stating that "where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal court poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect").

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).  The district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  When considering whether subject matter jurisdiction exists, a district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Krim*, 402 F.3d at 494.  The party seeking federal court review bears the burden of demonstrating

that jurisdiction is proper.  *See Lara v. Trominski*, 216 F.3d 487, 491 (5th Cir. 2000) (citing

*Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)).

## B.    Respondents' Motion

In this instance, the respondents concede that subject matter jurisdiction exists under

8 U.S.C. § 1503(a), which authorizes a claim to citizenship in federal court, and they do not

move to dismiss Nelson's claim pursuant to this statute.  The respondents argue that subject

matter jurisdiction is lacking, however, for purposes of seeking review under the federal

habeas corpus statute found at 28 U.S.C. § 2241 and the Little Tucker Act found at 28 U.S.C.

§ 1346(a)(2).[2]  The respondents' arguments are addressed below, following a brief overview

of the process for obtaining a passport as proof of citizenship and for raising a claim to

citizenship.

### 1.    Passports as Proof of Citizenship

A "passport" is defined as a "travel document issued by a competent authority

showing the bearer's origin, identity, and nationality if any, which is valid for the admission

of the bearer into a foreign country."  8 U.S.C. § 1101(a)(30).  In the United States, only the

Secretary of State has authority to grant, issue, and verify passports.  *See* Exec. Order No.

11295, 31 F.R. 10603 (August 5, 1966), *codified as amended at* 22 U.S.C. § 211a.  Under

this authority, the Secretary of State "may grant and issue passports" after considering "a

---

[2]    The respondents argue further that jurisdiction is lacking under the Administrative Procedure
Act and the federal mandamus statute because Nelson fails to state a valid claim under these
statutes.  The Court addresses these arguments below under Rule 12(b)(6) of the Federal
Rules of Civil Procedure.

written application" that meets certain criteria established by law.  22 U.S.C. §§ 211a, 213.

In particular, "[a] passport may be issued only to a U.S.  national."  22 C.F.R. § 51.2.[3]

The respondents note that a valid passport is considered proof of citizenship.  *See* 8

U.S.C. § 2705.  Because of its legal significance, an applicant has the burden to establish that

she is entitled to a passport by presenting proof of identity and citizenship. *See* 22 C.F.R.

§§ 51.23, 51.40.  To meet this burden the applicant must provide documentary evidence that

he or she is a U.S. national.  22 C.F.R. § 51.41.  Primary evidence of nationality for a person

born in the United States is an official birth certificate filed within one year of the date of

birth.  *See* 22 C.F.R. § 51.42(a).  Alternatively, if an applicant's birth certificate is

insufficient to qualify as primary evidence, secondary evidence "includes but is not limited

to hospital birth certificates, baptismal certificates, medical and school records, certificates

of circumcision, other documentary evidence created shortly after birth but generally not

more than 5 years after birth, and/or affidavits of persons having personal knowledge of the

facts of the birth."  22 C.F.R. § 51.42(b).

In this case, Nelson's passport application was denied because she failed to provide

sufficient documentation showing that she was born in the United States and that she is,

---

[3]      In this context, a U.S. national is defined to mean "a U.S. citizen or a U.S. non-citizen national."  22 C.F.R. § 51.1(l).  A "U.S. non-citizen national" is defined to mean "a person on whom U.S. nationality, but not U.S. citizenship has been conferred at birth under 8 U.S.C. § 1408, or under other law or treaty, and who has not subsequently lost such non-citizen nationality."  22 C.F.R. § 51.1(m).

therefore, a citizen by birth.[4]  Thus, Nelson asks this Court to determine her status as a United States citizen so that she can obtain a passport.  Congress has provided a remedy for such a determination by authorizing a claim to United States citizenship under 8 U.S.C. § 1503(a).

### 2.    Claims to United States Citizenship, 8 U.S.C. § 1503(a)

The statute which governs claims to United States citizenship, 8 U.S.C. § 1503(a), authorizes a declaratory judgment action under 28 U.S.C. § 2201 on behalf of a person within the United States who claims a denial of a right or privilege as a national, such as the issuance of a passport.  8 U.S.C. § 1503(a); *see, e.g., Heuer v. U.S. Sec'y of State*, 20 F.3d 424, 426 (11th Cir. 1994) (involving a suit for a judicial declaration of United States citizenship after the plaintiff's passport application was denied).  "A suit under [8 U.S.C. § 1503(a)] is not one for judicial review of [an] agency's action." *Richards v. Sec'y of State*, 752 F.2d 1413, 1417 (9th Cir. 1985).  "Rather, [§ 1503(a)] authorizes a *de novo* judicial determination of the status of the plaintiff as a United States national."  *Id.*   In such a proceeding, "[t]he plaintiff bears the burden of establishing, by a preponderance of the evidence, that he is a United States national." *Patel v. Rice*, 403 F. Supp. 2d 560, 562 (N.D. Tex. 2005) (citations omitted).

---

[4]    There are "two sources of [United States] citizenship, and two only: birth and naturalization." *United States v. Wong Kim Ark*, 169 U.S. 649, 702 (1898).  The Fourteenth Amendment to the United States Constitution declares that "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. CONST. amend. XIV.  Thus, persons who are born in the United States acquire citizenship by birth automatically.  Persons born outside of the United States, however, acquire citizenship by birth only as provided by Acts of Congress. *Wong Kim Ark*, 169 U.S. at 703; *see also Miller v. Albright*, 523 U.S. 420, 424 (1998).

The respondents concede that Nelson has properly asserted a cause of action under 8 U.S.C. § 1503(a), and do not move to dismiss this claim.  Rather, as outlined more fully below, the respondents move to dismiss several other legal theories included in the petition for lack of subject matter jurisdiction, starting with Nelson's request for a writ of habeas corpus to release her from confinement, *i.e.*, the inability to travel outside the territorial boundaries of the United States and return with a valid passport.

### 3.    The Writ of Habeas Corpus Under 28 U.S.C. § 2241

Nelson alleges that review is available under the federal habeas corpus statute found in 28 U.S.C. § 2241 because she has been denied a passport in violation of her constitutional rights as a citizen.  According to its plain terms, this statute gives the United States district courts jurisdiction to entertain petitions for habeas corpus relief from a "prisoner" who is "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) (emphasis added).  The respondents maintain that § 2241 does not apply because Nelson does not allege facts showing that she is in custody pursuant to any restraint imposed by the federal government.

"At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of [e]xecutive detention, and it is in that context that its protections have been strongest." *INS v. St. Cyr*, 533 U.S. 289, 301 (2001) (citations and footnote omitted); *see also Brown v. Allen*, 344 U.S. 443, 533 (1953) (Jackson, J., concurring) ("The historic purpose of the writ has been to relieve detention by executive authorities without judicial trial").  Thus, for jurisdiction to attach, a federal habeas corpus petitioner must be "in custody" at the

8

time his petition is filed.  *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  The custody element is "required not only by repeated references in the [federal habeas corpus statutes], but also by the history of the great writ." *Id.* at 238 (footnotes and internal citations omitted). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective ans speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." *Id.* (citing *Peyton v. Rowe*, 39 U.S. 54 (1968)).

The importance of a habeas petitioner's custody status cannot be minimized.  The Fifth Circuit has recognized that "habeas [jurisdiction] is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976).  The writ of habeas corpus "cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the legality of custody." *Id.*

Nelson acknowledges that she is not subject to a conviction or sentence and that she is not detained in the traditional sense.  Pointing solely to her inability to travel abroad without a valid passport, Nelson argues that "physical custody" is not required to obtain relief under 28 U.S.C. § 2241.  Nelson's argument is misplaced.

It is true that a petitioner need not be in physical custody to obtain habeas corpus review.  *See Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963) (holding that parolee is "in custody" because restrictive conditions of parole "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do").  A petitioner may satisfy the custody requirement for habeas corpus jurisdiction if she shows that, as a result

of action by a state or federal criminal court, she is "subject to restraints not shared by the public generally." *Id.* at 240.   As the respondents note, Nelson is not subject to any governmental restraint that is not shared generally by the general public, which must also comply with travel restrictions and passport regulations.   In that respect, for decades United States citizens have been required to present a passport to enter the United States following a trip abroad.   *See* 8 U.S.C. § 1185(b).   Under the Western Hemisphere Travel Initiative, which was implemented recently pursuant to the Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. 108-458, Title VII, § 7209, 118 Stat. 3823, this requirement has been extended to citizens returning from  regions that were historically exempt from the passport requirement, including Canada, Mexico, the Caribbean, and Bermuda.   *See* 8 U.S.C. § 1185(b); 22 C.F.R. § 53.2.   All applicants for a passport must prove their eligibility under the governing criteria and may bring an action under 8 U.S.C. § 1503(a) if their application is denied.

Because Nelson's passport application was denied for lack of documentation that all citizens are required to provide, she does not allege facts showing that federal officials have imposed restrictions on her freedom of movement or that she is in custody as required for purposes of federal habeas corpus review.   Nelson does not otherwise show that the federal habeas corpus statutes afford review of an administrative agency decision denying a passport. Under these circumstances, Nelson fails to establish that this Court has jurisdiction under 28 U.S.C. § 2241.   *See Pierre*, 525 F.2d at 935; *see also, e.g., Westberry v. Keith*, 434 F.2d 623, 624-25 (5th Cir. 1970) (noting that a person is not "in custody" for purposes of habeas

review of a fine and the revocation of a driver's license); *Lefkowitz v. Fair*, 816 F.2d 17, 19-21 (1st Cir. 1987) (holding that revocation of a medical license is not "custody"); *Harvey v. South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975) (holding that loss of right to work in certain professions and the right to carry a firearm does not constitute "custody"); *Ginsberg v. Abrams*, 702 F.2d 48, 49 (2d Cir. 1983) (per curiam) (holding that a judge's removal from the bench, revocation of license to practice law, and disqualification as a real estate agent and broker are not "custody" for purposes of habeas review); *Trevino v. Clinton*, Civil No. B-07-0218 (S.D. Tex. Docs. # 53, # 183, # 240) (rejecting habeas corpus claims in a consolidated set of passport-denial cases).  Therefore, the respondents' motion to dismiss the claim for relief under this statute will be granted.

### 4.     The Little Tucker Act, 28 U.S.C. § 1346(a)(2)

Nelson alleges that this Court has jurisdiction to determine her nationality under 28 U.S.C. § 1346(a)(2), which is often referred to as the Little Tucker Act.  The respondents insist that the Little Tucker Act does not apply in this instance because Nelson is not seeking monetary damages.

The respondents correctly note that, absent a waiver, sovereign immunity shields the United States and its agencies from suits for monetary relief.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941).  The Little Tucker Act functions as a waiver of sovereign immunity, vesting concurrent jurisdiction in the United States Court of Federal Claims ("Court of Claims") and the federal district courts over any "claim against the United States, not exceeding $10,000 in amount founded either upon

11

the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States[.]" 28 U.S.C. § 1346(a)(2).[5]

The Tucker Act does not, standing alone, create any substantive right enforceable against the United States.  *See United States v. Testan*, 424 U.S. 392, 398 (1976).  To establish jurisdiction, the claim "must be one for money damages against the United States . . . and the claimant must demonstrate that the source of substantive law he relies upon "'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'"  *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (internal citation and quotation omitted); *see also Rothe Dev. Corp. v. U.S. Dep't of Defense*, 194 F.3d 622, 625-26 (5th Cir. 1999).  Nelson notes that she is seeking attorneys fees and costs.  Because she does not assert a substantive claim for money damages, however, Nelson does not establish that this Court has jurisdiction to consider her petition for relief under 28 U.S.C. § 1346(a)(2). The respondents' motion to dismiss the claim under this statute will be granted.

### 5.    The Declaratory Judgment Act, 28 U.S.C. § 2201

Nelson seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, on the grounds that she has been "denied rights and privileges claimed as a national of the United States within the meaning of 8 U.S.C. § 1503, by virtue of the denial of her application for United States Passport."  Thus, she seeks a declaration that she is a United States citizen.  It

---

[5]     Whereas district courts have jurisdiction over claims involving less than $10,000, the Court of Claims has exclusive jurisdiction over claims that exceed $10,000.  *See* 28 U.S.C. § 1491(a); *Amoco Production Co. v. Hodel*, 815 F.2d 352, 358 (5th Cir. 1987).

is well established that 28 U.S.C. § 2201 does not create an independent basis for district court jurisdiction, but rather provides an additional remedy where jurisdiction already exists. *See Skelly Oil Co. v. Phillips Petroleum Co*., 339 U.S. 667, 671-72 (1950). Because the relief that Nelson seeks is available under 8 U.S.C. § 1503, her stand-alone claim for relief under 28 U.S.C. § 2201 is unnecessary and will be dismissed as redundant.

## III.    FAILURE TO STATE A CLAIM

### A.    Standard of Review — Rule 12(b)(6)

The respondents have filed a motion to dismiss some of the petitioner's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which considers whether the petition fails to state a claim upon which relief can be granted.  Federal pleading rules require only "a short and plain statement of the claim" showing that the pleader is entitled to relief.  FED. R. CIV. P. 8(a).  As the Supreme Court has emphasized, a complaint need not include "detailed factual allegations" to survive a motion to dismiss under Rule 12(b)(6).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Stated another way, "heightened fact pleading of specifics" is not required to state a claim.  *Id.* at 570.  Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). To be plausible, the

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In deciding whether the complaint states a valid claim for relief, a reviewing court must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (citations omitted). A court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Id.*; *see also Iqbal*, 129 S.Ct. at 1940 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

### B.      Respondents' Motion

Conceding that Nelson has sufficiently articulated a cognizable claim for United States citizenship under 8 U.S.C. § 1503(a), the respondents argue that several other allegations raised in the complaint fail to state a claim upon which relief can be granted.  In particular, the respondents argue that Nelson fails to state a due process or equal protection violation of the Fifth Amendment to the United States Constitution.   Likewise, the respondents argue that Nelson fails to state a claim under the Administrative Procedure Act or the Mandamus Act because she does not allege facts showing that she is eligible for relief under these statutes.   The respondents' arguments are addressed below, beginning with Nelson's constitutional claims.

### 1.      Due Process

Nelson contends that the respondents have deprived her of a right protected by the Due Process Clause found in the Fifth Amendment.[6]  Nelson alleges, in particular, that the respondents have "endangered" her fundamental right to travel, among other things, by denying her a passport.  This allegation is without merit.  The Supreme Court has recognized a critical distinction between the right to travel and the freedom to travel internationally:

> The constitutional right of interstate travel is virtually unqualified, *United States v. Guest*, 383 U.S. 745, 757-758 . . . (1966); *Griffin v. Breckenridge,* 403 U.S. 88, 105-106 . . . (1971).  By contrast the 'right' of international travel has been considered to be no more than an aspect of the 'liberty' protected by the Due Process Clause of the Fifth Amendment. . . .

*Califano v. Aznavorian*, 439 U.S. 170, 176 (1978) (internal citations and quotation omitted); *see also Haig v. Agee*, 453 U.S. 280, 306 (1981) (The freedom to travel outside the United States "clearly is accorded less stature than the right to travel interstate.").  As such, the ability to travel abroad "may be regulated within the bounds of due process."  *Aznavorian*, 439 U.S. at 176 (quoting  *Califano v. Torres*, 435 U.S. 1, 4 n.6 (1978)).

Assuming that Nelson has implicated a protected interest for purposes of the due process clause, the respondents maintain that she fails to show that her application was denied without the requisite due process.  To state a constitutional violation of the right to procedural due process, a plaintiff must allege facts showing that she was deprived of a liberty or property interest that warrants due process protection.  *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  A plaintiff must then demonstrate that the deprivation occurred

---

[6]     "No person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V.

without constitutionally sufficient procedures. *See Welch v. Thompson*, 20 F.3d 636, 640 (5th Cir. 1994). The amount of due process owed is "flexible and calls for such procedural protections as the particular situation demands." *Mathews*, 424 U.S. at 334. At a minimum, due process requires that the government provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The respondents note that Nelson's application was denied after she failed to provide sufficient documentation that is required by law to establish eligibility for a passport. Nelson does not allege facts showing that the request for documentation was procedurally improper.[7] Under these circumstances, Nelson does not allege facts establishing a due process violation or showing that she has a claim for which relief can be granted. The respondents' motion to dismiss this claim will be granted.

### 2.    Equal Protection

Nelson alleges that the respondents violated her right to equal protection because, due to her family background and cultural heritage, she does not have the documents that are

---

[7]    Nelson includes an allegation that the respondents violated her right to due process because passport officials have unreasonably delayed adjudicating her application. She adds that the passport agency has a policy of "closing" rather than "denying" the passport applications filed by Hispanics. Nelson concedes, however, that her application was closed after she failed to respond to a request for additional documentation and that, ultimately, her application was denied for the same reason. Because Nelson's allegations do not establish a plausible claim that her application was unreasonably delayed without adequate procedural due process, this theory fails to state a claim upon which relief can be granted.

necessary to prove her citizenship.  Nelson explains that "[t]he practice of securing the services of a midwife and giving birth in a private home or [on] a farm, instead of giving birth in a hospital, is a long-standing tradition within the migratory and immigrant Hispanic community in the United States, and is partly cultural and partly due to inability to afford the high expenses of hospital care."  Noting that she was born in 1969, Nelson adds that it was "very common" to use midwives for child birth at that time.  Nelson claims further that, because of her "family's old tradition of raising children at home," and "working in the farms," she lacks many of the documents that are required in support of an application for a passport.  Nelson maintains, therefore, that she was denied a passport in violation of her right to equal protection.

The equal protection clause requires the government to treat similarly situated persons alike.[8]  *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  To prevail, "a plaintiff must plead and prove that the defendant acted with discriminatory purpose . . . on account of race, religion, or national origin." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1948 (2009); *see Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265 (1977) (requiring proof of racially discriminatory intent or purpose to show violation of equal protection).  Thus, a plaintiff must allege an improper motive, and not merely a discriminatory impact.  *See Washington v. Davis*, 426 U.S. 229, 245 (1976).

---

[8]    The Due Process Clause of the Fifth Amendment applies to the federal government and imposes the same equal protection requirements as the Fourteenth Amendment imposes on the states. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

Nelson does not allege facts showing that she was denied a passport as the result of an improper motive or intentional discrimination.  Likewise, she does not establish that people born with the assistance of a midwife form a protected class.  Even assuming that they do, Nelson does not establish disparate treatment.  In that respect, Nelson has not alleged facts showing that people born with the services of a midwife are distinguished from other modes of giving birth because, as the respondents correctly note, all births — whether they occur in a hospital setting or not — are required to be timely registered.  Moreover, as noted above, everyone who applies for a passport is required to present proof of identity and citizenship.  *See* 22 C.F.R. §§ 51.23, 51.40.  Nelson does not demonstrate that she has been treated differently from any other similarly situated individual.  It follows that she fails to state a claim from which relief can be granted under the equal protection clause and that this cause of action must be dismissed.

### 3.    The Administrative Procedures Act

Arguing that she was wrongfully denied a passport, Nelson seeks review of the relevant adverse agency action under the Administrative Procedures Act (the "APA").  Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Nelson argues that she was denied a passport in a manner that was "arbitrary, capricious, and contrary to the law" within the meaning of 5 U.S.C. § 703.

The respondents note that the APA authorizes judicial review for a final agency action only where "there is no other adequate remedy in court[.]" 5 U.S.C. § 704. In other words, a plaintiff may sue under the APA only where there are no other judicial remedies available. The respondents maintain that Nelson cannot pursue relief under APA because, as noted above, the proper avenue for relief is a declaration of citizenship under 8 U.S.C. § 1503(a).

Courts have acknowledged 8 U.S.C. § 1503(a) as a legitimate vehicle by which to seek judicial declaration of citizenship and entitlement to a passport. *See Patel v. Rice*, 403 F. Supp. 2d 560 (N.D. Tex. 2005); *see also Tavera v. Harley-Bell*, Civil No. H-09-0299, 2010 WL 1308800, *3 (S.D. Tex. March 31, 2010). Because Nelson has an adequate remedy under 8 U.S.C. § 1503(a), the Court concludes that she fails to state a valid claim for relief under the APA. The respondents' motion to dismiss the claim for relief under this statute will be granted.

### 4.     Mandamus Statute, 28 U.S.C. § 1361

Nelson also invokes the federal mandamus statute found at 28 U.S.C. § 1361 as a basis to compel the respondents to grant her application for a United States passport.[9] Historically, as well as under the present codification found in § 1361, the writ of mandamus has been considered a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004)

---

[9]     The federal mandamus statute provides as follows: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

(quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)); *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969) ("It is hornbook law that mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases."). To obtain a writ of mandamus, a petitioner must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)).

As with her claim under the APA, Nelson cannot meet the third criteria for a writ of mandamus because another adequate remedy is available. In that respect, the remedy for claiming citizenship under 8 U.S.C. § 1503 has been found "more than adequate" to bar a writ of mandamus. *Cartier v. Secretary of State*, 506 F.2d 191, 199 (D.C. Cir. 1974); *see also Parham v. Clinton*, 374 F. App'x 503, n.2 2010 WL 114163 (5th Cir. March 17, 2010) (noting that mandamus is inappropriate where remedies are available under 8 U.S.C. § 1503). Because Nelson has asserted a request for relief under 8 U.S.C. § 1503, her petition for a writ of mandamus fails to state a claim upon which relief can be granted. Accordingly, the Court grants the respondents' motion to dismiss this claim.

## IV.    **CONCLUSION AND ORDER**

Based on the foregoing, it is **ORDERED** that the respondents' motion for partial dismissal [Doc. # 10] is **GRANTED**. The Court will issue a separate scheduling order for purposes of addressing her remaining claim under 8 U.S.C. § 1503.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on December 21, 2010.

Nancy F. Atlas
United States District Judge